**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

Zhongzhi Hi-Tech Overseas Investment Ltd.,

　　　　　　　　Petitioner,

　　　　v.

Vincent Wenyong Shi,

　　　　　　　　Respondent.

------------------------------------------------------------------x

Civil Action No.:

**PETITION TO CONFIRM AND
ENFORCE FOREIGN
ARBITRAL AWARD AND FOR
ENTRY OF JUDGMENT**

Petitioner Zhongzhi Hi-Tech Overseas Investment Ltd. (hereinafter referred to as "Hi-Tech"), by and through the undersigned counsel, for its Petition to Confirm and Enforce Foreign Arbitral Award and For Entry of Judgment, alleges as follows:

## PRELIMINARY STATEMENT

1. 　　This is a proceeding to confirm and enforce a foreign arbitration award, dated August 23, 2019, rendered by the Hong Kong International Arbitration Centre in an arbitration designated HKIAC/A18222.  *See* Declaration of Carol Lee, dated August 15, 2022 (hereinafter referred to as the "Lee Decl."), **Exhibit A** (Award).

## THE PARTIES

2. 　　Petitioner Hi-Tech is, and at times relevant herein has been, a limited liability exempted company duly organized and existing under the laws of Cayman Islands, with its principal place of business in Beijing, PRC, and was the claimant in the arbitration.

3.      Respondent Vincent Wenyong Shi (hereinafter referred to as "Shi") is a citizen of the People's Republic of China, maintains a business address in New York, New York, and was the respondent in the Arbitration.

4.      This proceeding seeks to confirm and enforce that arbitral award against Shi.

## JURISDICTION AND VENUE

5.      This Petition seeks to confirm a foreign arbitral award pursuant to 9 U.S.C. § 207 under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, implemented by the United States under Chapter 2 of the Federal Arbitration Act and codified at 9 U.S.C. §§ 201-208.

6.      Under 9 U.S.C. § 203, this Court has subject matter jurisdiction over the dispute because the award and the agreement to arbitrate involved parties that are not U.S. citizens.  This court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction to hear the instant petition and enforce the Award because Shi maintains a valid business address in this District.  This Court has personal jurisdiction also because Shi has contractually agreed to New York's jurisdiction and because the agreement at issue implicates New York.

8.      Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391 because Shi maintains a valid business address in this District.  As further discussed below, venue is also proper because Shi has consented to the jurisdiction of this Court in relation to this dispute.  "Venue is proper … by virtue of his consent [to personal jurisdiction in this district.]" *A.I. Credit Corp. v. Liebman,* 791 F. Supp. 427, 430 (S.D.N.Y. 1992), *citing* 28 U.S.C. § 1391(a)(3).

9. This proceeding is brought within the three-year statute of limitations under 9 U.S.C. § 207.

## THE AGREEMENT TO ARBITRATE

10. On September 23, 2016, Hi-Tech, Shi, and RPL Holdings Limited (hereinafter referred to as the "RPL") entered into a Cooperation Agreement. *See* Lee Decl. **Exhibit B** (Cooperation Agreement). On the same day, Hi-Tech and NQ Mobile Inc., later known as Link Motion, Inc. (hereinafter referred to as "LKM") entered into a Convertible Note Purchase Agreement (hereinafter referred to as the "Purchase Agreement"). *See* Lee Decl. **Exhibit C** (Purchase Agreement).

11. On October 3, 2016, pursuant to the Purchase Agreement, Hi-Tech paid US$220,000,000 to LKM , and LKM issued the Note to Hi-Tech on the same day. Award ¶ 98.2.

12. On November 9, 2017, Petitioner Hi-Tech, Respondent Shi, and RPL amended §§1.2 and 1.3 of the Cooperation Agreement. *See* Lee Decl. **Exhibit D** (Amended Cooperation Agreement).

13. Pursuant to §1(b) of the amended Cooperation Agreement, as of the maturity date, Shi and RPL jointly and severally agree to pay Hi-Tech the difference between a "Guaranteed Return" and a "CB Return" in the event that the Guaranteed Return exceeds the CB Return. "'Guaranteed Return' is defined as US$264,000,000 and 'CB Return' as the aggregate amount of (i) the principal amount of the Note repaid by NQ [LKM], (ii) Basic Interests paid by NQ [LKM], RPL and Shi, and (iii) the market value of Conversion ADSs as determined by multiplying the Last Reported Sale Price of ADSs on October 2, 2018 by the number of Conversion ADSs." Amended Cooperation Agreement, §1 (a).

14.     However, Shi and RPL failed to make any payments under the amended Cooperation Agreement referenced above.  Award ¶ 98.

15.     On November 30, 2018, Hi-Tech and Shi entered into a Restated Governing Law and Arbitration Agreement (hereinafter referred to as the "RGLA Agreement").  *See* Lee Decl. **Exhibit E** (RGLA Agreement).

16.     The arbitration clause states as follows:

> Any dispute, controversy, difference or claim between Zhongzhi [Hi-Tech] and Dr. Shi arising out of or relating to the Cooperation Agreement as amended by the Amendment to Cooperation Agreement and the Umbrella Agreement, including any disputes relating to the existence, validity, interpretation, performance, breach or termination thereof or any dispute regarding non-contractual obligation arising out of or relating to it shall be referred to and finally resolved by arbitration administered by the Hong Kong International Arbitration Centre ("**HKIAC**") under the 2018 HKIAC Administered Arbitration Rules.
>
> The law of this arbitration clause shall be Hong Kong Law.
>
> The seat of arbitration shall be Hong Kong.
>
> The arbitration shall be conducted in accordance with an expedited procedure provided under Article 42 of the 2018 HKIAC Administered Arbitration Rules.
>
> The case shall be referred to a sole arbitrator, namely Dr. Benny Lo, whose CV is attached herein.
>
> The arbitration proceedings shall be conducted in English.

*See* RGLA Agreement at 2-3.

17.     On December 20, 2018, Hi-Tech commenced the arbitration against Shi. Award ¶ 11.

18.     The arbitration was conducted pursuant to the arbitration clause contained in the RGLA Agreement.  Award ¶ 8.

## SHI'S ACQUIESCENCE TO NEW YORK JURISDICTION

19.     There is a related shareholder derivative action filed on December 13, 2018

against LKM and its directors, including Shi, pending before the Southern District of New York,

which is referenced as *Baliga v. Link Motion Inc., et al.* (Docket No. 1:18-cv-11642-VM-VF).

Shi served as LKM's Chairman of the Board since December 2014 and Chief Operating Officer

since October 2005.  Dkt. No. 1, ¶ 6.  Shi is alleged to have been involved in "several conflicts of

interest and self-dealing[] while he was a director of LKM."  *Id.,* ¶ 15.  Shi also allegedly

directed "a campaign of deceit, gross mismanagement, fraudulent self-dealing, and quite literally

theft of LKM's most valuable assets."  *Id.,* ¶ 16.  The Court appointed a temporary receiver, Mr.

Robert Seiden, for LKM on February 1, 2019.  Dkt. No. 26.

20.     Shi has appeared in *Baliga* through his counsel at Felicello Law P.C.  Shi filed a

motion to dismiss for lack of personal jurisdiction, vacate Mr. Seiden's appointment and

discharge him.  Dkt. No. 35.  On June 11, 2019, the Court held that "Shi almost certainly has the

minimum contacts necessary with the United States and the forum state to satisfy due process

concerns" but ordered that the plaintiff should serve Shi properly because "service of process is

mandatory for personal jurisdiction."  Dkt. No. 64 at 12.  On September 4, 2020, the Court held

that service on Shi by mail or email to his counsel would be deemed sufficient service.  Dkt. No.

163. Having now been properly served, Shi has ceased to contest jurisdiction in the Southern

District of New York.  Dkt. No. 261.  Shi has actively litigated the case since September 2020,

including by routinely making and opposing motions and corresponding with the Court.  He

most recently submitted a letter to Magistrate Judge Figueredo on August 3, 2022.  Dkt. No. 324.

21.     In addition, Section 4.1 of the Cooperation Agreement provided that the agreements

shall be governed by and interpreted according to the laws of New York.  Award ¶ 73.

22.     Furthermore, LKM, of which Shi was the Chairman of the Board, listed its securities on the New York Stock Exchange until 2019.  LKM is currently under a New York-based receivership. Dkt. No. 7.

23.     Therefore, Shi is subject to jurisdiction based on his contacts with New York, his active litigation in this Court, and his consent to jurisdiction.

**THE ARBITRATION AND AWARD**

24.     The arbitration was heard and resolved by a sole arbitrator, Dr. Benny Lo.  Award ¶ 5.

25.     The arbitration took place in Hong Kong.  On May 21, 2019, an in-person hearing on the merits was held in Hong Kong from 09:31 a.m. to 11:38 a.m. HKT.  Award ¶ 49.  Hi-Tech attended the hearing by and through its legal counsel and the company representative, Mr. Xichun Wu.  *Id.*

26.     Shi was not represented by counsel in the arbitration and did not appear at the hearing.  Award ¶ 49.  However, as described in ¶ 55 of the award, Shi confirmed his receipt of all the communications in a signed confirmation letter sent via email on June 5, 2019.  According to the tracking records, attached as the Annex A to the Award, Shi repeatedly signed for bundles of arbitral materials from Dr. Lo at Shi's address.  Award, Annex A.  In addition, Shi also contacted the Tribunal with respect to certain procedural aspects of the arbitration.  Award ¶¶ 28, 42.  Dr. Lo held that "[o]n the basis of [Section 53 of the Arbitration Ordinance and Articles 26.2 and 26.3 of the HKIAC Administered Arbitration Rules], the Tribunal is satisfied that, despite the Respondent's substantive non-participation, it is appropriate to proceed with this arbitration and issue a final award on the merits on the basis of the evidence placed before it."  Award ¶¶ 88-93.

27.     Following deliberation, Dr. Lo issued the Award, dated August 23, 2019.  The contents of the award are incorporated by reference into this Petition.

28.     The award disposes of every claim and issue in the arbitration.

29.     In the arbitration, Hi-Tech asserted three claims against Shi:

    i.   that Shi pay the amounts which became due and payable to Hi-Tech on October 3, 2018 pursuant to the Amended Cooperation Agreement, in the total amount of US$242,880,000;

    ii.  that Shi pay to Hi-Tech the interest accrued on the unpaid amount under the amended Cooperation Agreement from October 3, 2018 at the rate of 10% per annum (or such other rate as determined by the Tribunal); and

    iii. that Shi pay all costs that Hi-Tech incurs during these arbitration proceedings, including counsel's fees.

Award ¶ 9.

30.     In the award, Dr. Lo found in favor of Hi-Tech partially on claims 1 and 2 and fully on claim 3.  Award ¶ 139.

31.     In particular, the relief granted includes monetary damages against Shi in the following amounts:

    i.   US$144,987,086.78, pursuant to section 1.2 of the Amended Cooperation Agreement;

    ii.  Simple interest on the sum of US$144,987,086.78 at 5.5% per annum from October 3, 2018, to the date of the award, and thereafter at the judgment rate determined by the Chief Justice of Hong Kong from time to time (currently 8.125% per annum) until payment in full, pursuant to sections 79 and 80 of the Arbitration Ordinance (Cap. 609); and

    iii. US$197,968.66, as the costs of the arbitration, together with simple interest thereon at the judgment rate determined by the Chief Justice of Hong Kong from time to time (currently 8.125% per annum) from the date of the Award until payment in full.

Award ¶ 139.

32.     As of the date of this Petition, Shi has not paid any of the outstanding damages.

33.     There is no ground for refusing and deferring recognition or enforcement of the Award.

34.     No prior applications for similar relief have been sought or issued in this action.

## COUNT ONE: CONFIRMATION OF ARBITRAL AWARD

35.     Petitioner repeats and realleges the allegations set forth in Paragraphs 1 through 34 as if set forth fully herein.

36.     Chapter 2 of the Federal Arbitration Act provides:

> Within three years after an arbitral award falling under the Convention is made any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*See* 9 U.S.C. § 207.

37.     The Award is an arbitral award falling under the New York Convention, within the meaning of 9 U.S.C. § 202.

38.     In accordance with 9 U.S.C. § 207, Petitioner has filed this Petition within three years of the date of the Award.

39.     There is no ground for refusing or deferring recognition or enforcement of the Award pursuant to 9 U.S.C. § 207 or otherwise.

40.     Petitioner therefore respectfully requests that this Court confirm and enforce the Award and enter judgment accordingly in favor of Petitioner Hi-Tech and against Respondent Shi.

WHEREFORE, Petitioner respectfully requests that this Court enter an order and judgment against Respondent Shi granting the following relief in favor of Petitioner:

a.      confirming the Award pursuant 9 U.S.C. § 207;

b.      as provided in the Award, granting monetary damages in favor of Petitioner, in

the amount of:

    i.      US$144,987,086.78, pursuant to section 1.2 of the Amended Cooperation
Agreement;

    ii.     Simple interest on the sum of US$144,987,086.78 at 5.5% per annum
from October 3, 2018 to the date of the Award, and thereafter at the
judgment rate determined by the Chief Justice of Hong Kong from time to
time (currently 8.125% per annum) until payment in full, pursuant to
sections 79 and 80 of the Arbitration Ordinance (Cap. 609); and

    iii.    US$197,968.66, as the costs of the Arbitration, together with simple
interest thereon at the judgment rate determined by the Chief Justice of
Hong Kong from time to time (currently 8.125% per annum) from the date
of the Award until payment in full.

c.      awarding Petitioner its fees and costs incurred of this proceeding, including its

attorneys' fees; and,

e.      granting Petitioner such other and further relief as this Court deems just and

proper.

Dated: August 16, 2022
New York, New York

                           PILLSBURY WINTHROP SHAW PITTMAN LLP

                           By: _____

                               James M. Catterson
                               Geoffrey Sant
                               Carol Lee
                               31 West 52nd Street
                               New York, New York 10019
                               Tel: (212) 858-1000
                               Fax: (212) 858-1500
                               james.catterson@pillsburylaw.com
                               geoffrey.sant@pillsburylaw.com
                               carol.lee@pillsburylaw.com

                           *Attorneys for Petitioner Zhongzhi Hi-Tech*
                           *Overseas Investment Ltd.*