**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Zhongzhi Hi-Tech Overseas Investment Ltd.,

       Petitioner,

    - against -

Vincent Wenyong Shi,

       Respondent.

No. 1:22-cv-06977-LAP

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS PETITION

FELICELLO LAW P.C.
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806

*Attorneys for Vincent Wenyong Shi*

Of counsel:  Michael James Maloney
               Rosanne E. Felicello

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

    A.    This Dispute Has No Connection to New York ........................................... 2

    B.    The *Zhongzhi* Funding.................................................................................. 2

    C.    The RGLA Agreement superseded all prior forum selection and jurisdictional consent provisions between the parties. ............................... 5

    D.    The *Baliga* Action in the S.D.N.Y. ........................................................... 5

    E.    The Arbitration............................................................................................. 7

    F.    The Award .................................................................................................... 7

    G.    This Action................................................................................................... 8

ARGUMENT..................................................................................................................... 9

I.         New York law does not provide the Court with personal jurisdiction over Dr. Shi ................................................................................................. 9

    A.    There is no general jurisdiction over Dr. Shi under New York law. ......... 10

    B.    There are no grounds for specific jurisdiction over Dr. Shi under New York law ..................................................................................................... 12

    1.    Dr. Shi does not "transact any business" within the state under N.Y. CPLR 302(a)(1) ........................................................................................ 12

    2.    There is no allegation of a "tortious act within the state" giving rise to jurisdiction under N.Y. CPLR 302(a)(2).................................................... 15

    3.    There is no jurisdiction under N.Y. CPLR 302(a)(3) ................................. 15

    C.    Exercise of jurisdiction over Dr. Shi in New York would not comport with due process..................................................................................................... 15

II.       Dr. Shi did not contractually agree to jurisdiction in New York.......... 16

    A.    Dr. Shi agreed to personal jurisdiction in Hong Kong, not New York ...... 16

    B.    The provisions of the RGLA Agreement control over the prior agreements.17

    C.    Choice of law provisions do not equate to consent to jurisdiction. ............ 17

    D.    Dr. Shi is not a party to the Purchase Agreement and its jurisdiction provision cannot be applied to him............................................................... 18

III.        Fed. R. Civ. P. 4(k)(2) does not provide the Court with personal
            jurisdiction over Dr. Shi ......................................................................... 19

CONCLUSION ............................................................................................................. 19

4855-9611-4184, v. 14

# TABLE OF AUTHORITIES

## Cases

*Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583 (2d Cir. 1965) ......................... 18

*Aizen v. Am. Healthcare Admin. Servs.*, No. 3:18-cv-15195-BRM-DEA, 2019 U.S. Dist. LEXIS 165278 (D.N.J. Sep. 26, 2019) ............................................................ 14

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999) .................................................................................................................. 9, 13, 15

*Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208 (4th Cir. 2002) ......................................................................................................................... 9

*Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 537 U.S. 822 (2002) ......................................................................................................................... 9

*Bristol-Meyers Squibb Co. v. Superior Court of California*,  137 S. Ct. 1773, 2017 U.S. LEXIS 3873, 2017 WL 2621322 (2017) ............................................................ 19

*Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293 (S.D.N.Y. July 17, 2020) ..................................................................... 14

*Dardana Ltd. v. Yugansknefteqaz*, 317 F.3d 202 (2d Cir. 2003) ................................ 19

*Doe v. McAdam Fin. Grp. LLC*, No. 22-CV-00113 (GHW)(SN), 2022 U.S. Dist. LEXIS 150555 (S.D.N.Y. Aug. 3, 2022) ...................................................... 16

*Galgay v. Bulletin Co.*, 504 F.2d 1062 (2d Cir. 1974) ................................................ 18

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................. 10

*Greatship (Ind) Ltd. v. Marine Logistics Sols. (Marsol) LLC*, 2012 U.S. Dist. LEXIS 8231, 2012 WL 204102 (S.D.N.Y. Jan. 24, 2012) ................................................... 11

*Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp. 2d 428 (S.D.N.Y. 2003)..... 11

*In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019)....................................................... 19

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003)...................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)..................................................... 10

*IP Co. LLC v. Gen. Commun., Inc.*, 2007 U.S. Dist. LEXIS 81451 (S.D.N.Y. Oct. 31, 2007) ................................................................................................................... 12, 13

*Island Territory of Curacao v. Solitron Devices, Inc.*, 489 F.2d 1313 (2d Cir. 1973) 16

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) .......................................... 5

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990) ...................................................................................................................... 10

*McShan v. Omega Louis Brandt et Frere, S.A.*, 536 F.2d 516 (2d Cir. 1976) ............ 18

*Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507 (E.D.N.Y. 2017) ............................ 17

*Ottawa Office Integration, Inc. v. FTF Bus. Sys.*, 132 F. Supp. 2d 215 (S.D.N.Y. 2001) ...................................................................................................................... 17

*Pinto-Thomaz v. Cusi*, No. 15-cv-1993 (PKC), 2015 U.S. Dist. LEXIS 158518 (S.D.N.Y. Nov. 24, 2015) ................................................................................... 11

*Porina v. Marward Shipping Co.*, 521 F.3d 122 (2d Cir. 2008) ................................. 19

*Rockwood Nat'l Corp. v. Peat, Marwick, Mitchell & Co.*, 63 A.D.2d 978, 406 N.Y.S.2d 106 (N.Y. App. Div. 1978) ...................................................................... 11

*Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773 (2d Cir. 1995) ............... 18

*Transatlantic Bulk Shipping, Ltd. v. Saudi Chartering S.A.*, 622 F. Supp. 25 (S.D.N.Y. 1985) ....................................................................................................... 9

*Walden v. Fiore*, 571 U.S. 277 (2014) ....................................................................... 16

*Waldman v. Palestinian Liberation Org.*, 835 F.3d 317 (2d Cir. 2016) ..................... 10

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) .............................. 12

**Statutes**

N.Y. CPLR 301 ........................................................................................................... 10

N.Y. CPLR 303 ........................................................................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(2) ............................................................................................... 1

Fed. R. Civ. P. 4(k)(2) ............................................................................................. 21, 22

Respondent Vincent Wenyong Shi ("Dr. Shi") respectfully submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. Proc. 12(b)(2), to dismiss for lack of personal jurisdiction the petition by Petitioner Zhongzhi Hi-Tech Overseas Investment Ltd. ("Petitioner" or "Zhongzhi") to confirm an arbitration award dated August 23, 2019 (the "Award").

## PRELIMINARY STATEMENT

On a petition to confirm an arbitration award under the New York Convention,[1] the Court only has authority to confirm foreign arbitration awards where it has personal jurisdiction over the party against whom the award is to be confirmed. Here there is no personal jurisdiction over Dr. Shi and the Petition must be dismissed.

Petitioner, a citizen of the People's Republic of China (the "PRC"), seeks to confirm the Award against Dr. Shi, a citizen and resident of the PRC.  After having asserted its claims in arbitration in Hong Kong and obtained the Award, Petitioner now claims that Dr. Shi has "acquiesc[ed]" to jurisdiction in this Court on three bases: (1) Dr. Shi's active participation through counsel in a litigation against him in the Southern District of New York; (2) the provision in Section 4.1 of the Cooperation Agreement that provides that the agreement "shall be governed by and interpreted according to the laws of New York"; and (3) Dr. Shi's position as Chairman of the Board of Link Motion, Inc. f/k/a NQ Mobile Inc. ("Link Motion"),

---

[1] The "New York Convention" refers to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 10 June 1958) codified at 9 U.S.C. §§ 201-208.

which was formerly listed on the New York Stock Exchange ("NYSE") until 2019. Dkt. 1 at ¶¶ 19-23. Petitioner also claims, without any support, that Dr. Shi maintains a valid business address in this District and that "the agreement at issue implicates New York." Dkt. 1 ¶ 1.

None of these facts confer this Court with personal jurisdiction over Dr. Shi because (1) participation in a separate lawsuit is not the "transact[ion] of business" and does not confer general jurisdiction over a party; (2) a governing law provision does not equate to consent to personal jurisdiction; (3) the parties consented to jurisdiction in Hong Kong, not New York; (4) Link Motion is no longer listed on any stock exchange in New York and has no ongoing connection to New York other than an unrelated lawsuit; (5) Dr. Shi does not maintain a business address in this District; and (6) the agreement "at issue" has no connection to New York at all. This petition must be dismissed for lack of personal jurisdiction.

## STATEMENT OF FACTS

### A. This Dispute Has No Connection to New York

The two parties here, Zhongzhi and Dr. Shi, are both nonresidents of New York and non-citizens of the United States. Dkt. 1 at 2; Shi Decl. ¶¶ 3-4. Contrary to Petitioner's allegation, Dkt. 1 at ¶ 7, the agreement at issue does not implicate New York.

### B. The *Zhongzhi* Funding

The Award arises from agreements by Zhongzhi to enter into a financial transaction with Link Motion, Inc., a Cayman Islands limited company. Link Motion is a Chinese technology company with headquarters in Beijing, PRC. In

2016, Link Motion required additional capital to fund its PRC operations. At the time, Dr. Shi, a PRC citizen and resident, was the Chairman and Chief Operating Officer of Link Motion. *See* Dkt. 5-3 (third Whereas clause). Link Motion entered into a Convertible Note Purchase Agreement (the "Purchase Agreement") with Petitioner to raise capital. Dkt. 5-3. Dr. Shi is not a party to the Purchase Agreement. Dkt. 5-3 at ECF pp.19-20. Only Link Motion and Petitioner were parties to the Purchase Agreement.

The Purchase Agreement generally provides that Zhongzhi would invest certain funds in Link Motion in exchange for the issuance by Link Motion of a convertible promissory note. Dkt. 5-3 Art. II. The closing of the purchase occurred on or about October 3, 2016 and Link Motion issued a Convertible Note (the "Original Note"). *See* Maloney Decl. Ex. 4.[2]

In connection with issuance of the Original Note, Petitioner requested that Dr. Shi enter into a Cooperation Agreement in which Dr. Shi covenanted to, *inter alia*, not "resign from his positions as the chairman and chief operating office of [Link Motion] or in any form resulting in the alteration of [Link Motion]'s actual controller." Dkt. 5-2. The Cooperation Agreement contains an arbitration agreement: all disputes are to be "referred to and finally resolved by arbitration at the Hong Kong International Arbitration Centre" in Hong Kong. Dkt. 5-2 § 4.1. Nothing in the Cooperation Agreement provides for jurisdiction of any forum other than Hong Kong.

---

[2] *See* Press Release, dated October 4, 2016, filed with the S.E.C. under Form 6-K,  available at https://www.sec.gov/Archives/edgar/data/1509986/000119312516731091/d251614dex991.htm

On or about November 20, 2017, Link Motion partially redeemed the Original Note. *See* Maloney Decl. Ex. 5.[3] In connection with this redemption, the Original Note was canceled, and Link Motion issued a new Convertible Note, dated on or about November 20, 2017 (the "Revised Note"). *See* Ex. 1 to Shi Decl.[4] The Revised Note provides for dispute resolution via arbitration to be held in Hong Kong. Shi Decl. Ex. 1 at 8-9 § 7.5

At or around the same time, Petitioner requested that Dr. Shi enter into an Amendment to Cooperation Agreement (referred to in the Petition as "Amended Cooperation Agreement") in which Dr. Shi agreed to personally guaranty a certain portion of the amounts to Petitioner under the Revised Note. Dkt. 5-4. The Amendment to Cooperation Agreement incorporated the arbitration agreement and choice of law provision of the original Cooperation Agreement. Dkt. 5-4 § 3.

In 2018, Zongzhi, Dr. Shi, and certain other parties,[5] entered into an "Umbrella Agreement," where they agreed to harmonize the governing law and arbitration provisions of various agreements between them, including the Cooperation Agreement and the Amended Cooperation Agreement. Shi Decl. Ex. 2. The Umbrella Agreement provided that all of the agreements should be interpreted and construed in accordance with the laws of Hong Kong and requiring arbitration of any disputes between the parties in Hong Kong. Shi Decl. Ex. 2.

---

[3] *See* Press Release, dated November 20, 2017, filed with the S.E.C. under Form 6-K, available at https://www.sec.gov/Archives/edgar/data/1509986/000114420417060262/tv480015_ex99-1.htm

[4] All references to "Shi Decl." refers to the Declaration of Vincent Wenyong Shi dated October 27, 2022.

[5] The other parties were Tongfang Fund, FL Holdings, Showself Inc., and Abundant Merits Limited but are not relevant to this motion.

**C. The RGLA Agreement superseded all prior forum selection and jurisdictional consent provisions between the parties.**

In or around November 30, 2018, Petitioner and Dr. Shi entered into a Restated Governing Law and Arbitration Agreement (the "RGLA Agreement"). Dkt. 5-5. The purpose of the RGLA Agreement was to memorialize the parties' "agree[ment] to replace the governing law clause and dispute resolution clause application to any dispute, controversy, difference or claim between Zhongzhi and Dr. Shi arising out of or relating to the Cooperation Agreement as amended by the Amendment to Cooperation Agreement and the Umbrella Agreement." Dkt. 5-5 at 2.

The RGLA Agreement amended the Cooperation Agreement, Amended Cooperation Agreement, and Umbrella Agreement to provide for a governing law provision specifying Hong Kong law as governing the interpretation and construction of the agreements. The RGLA Agreement confirmed that the parties agreed to arbitrate all disputes in Hong Kong before the HKIAC with the seat of the arbitration being Hong Kong. Dkt. 5-5 at 2.

**D. The *Baliga* Action in the S.D.N.Y.**

In December 2018, Dr. Shi and Link Motion were named as defendants in the action captioned *Baliga v. Link Motion, Inc.*, Case No. 1:18-cv-11642-VM-VF (the "*Baliga* Action").[6] In his original complaint, the plaintiff in the *Baliga* Action alleged that Link Motion and Dr. Shi violated the U.S. federal securities laws by making misleading statements and omissions in connection with a years-long effort

---

[6] This Court can properly consider dockets filed in the *Baliga* Action, S.D.N.Y. Docket 1:18-cv-11642-VM-VF, and referenced in the Petition and can also properly take judicial notice of the other papers filed in the *Baliga* Action. *See*, *e.g.*, *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

by Link Motion to divest certain of its legacy business segments.[7] 1:18-cv-11642 Dkt. 1. At the time that the suit was brought Link Motion was listed on the New York Stock Exchange ("NYSE") but conducted no business in New York. Link Motion was delisted from NYSE on or about January 1, 2019.[8] Maloney Decl. Ex. 6.

The *Baliga* Action plaintiff alleged specific jurisdiction over Dr. Shi based on New York's long-arm statute, NY CPLR 302. 1:18-cv-11642 Dkt. 1 ¶ 10. The plaintiff moved for appointment of a receiver over Link Motion and entry of a temporary restraining order and preliminary injunction against Link Motion and Dr. Shi. 1:18-cv-1162 Dkt. 7, 26. On December 14, 2018, the Court in the *Baliga* Action entered a temporary restraining order against Link Motion and Dr. Shi. 1:18-cv-11642 Dkt. 7. On February 1, 2019, the Court appointed a receiver for Link Motion and entered a preliminary injunction against Link Motion and Dr. Shi. 1:18-cv-11642 Dkt. 26.

In early 2019, the court-appointed receiver in the *Baliga* Action moved to hold Dr. Shi in contempt. 1:18-cv-11642 Dkt. 29, 30. Dr. Shi appeared by counsel in the *Baliga* Action, filed papers in opposition to the contempt motion, and moved to dismiss that action for, *inter alia*, lack of jurisdiction and insufficient service of process. 1:18-cv-11642 Dkt. 35-37. In a Decision and Order dated June 11, 2019, the Hon. Victor Marrero denied the motion for contempt and dismissed the complaint

---

[7] In 2015, Link Motion unsuccessfully attempted to make an initial public offering of certain of its legacy business segments. 1:18-cv-11642 Dkt. 178-7 at ECF p.310. Following the failed IPO, the board of directors decided to divest the legacy business segments to raise cash and transition into a new market. 1:18-cv-11642 Dkt.178-7 at ECF p.15.

[8] *See* https://www.sec.gov/Archives/edgar/data/876661/000087666119000022/xslF25X02/primary_doc.xml

with leave to replead for insufficient service of process and failure to state a claim under the securities laws. 1:18-cv-11642 Dkt. 64. Subsequently, after the Court ordered service by other means on Dr. Shi, he continued to defend the *Baliga* Action and specifically filed motions to discharge the receiver appointed for Link Motion and to dismiss. In a decision and order dated August 25, 2022, the Court granted Dr. Shi's motion to discharge the receiver for Link Motion and dissolved the preliminary injunction. 1:18-cv-11642 Dkt. No. 331.

### E. The Arbitration

Petitioner served a notice of arbitration on Dr. Shi or about December 20, 2018. Maloney Decl. Ex. 7. The notice of arbitration demanded arbitration in Hong Kong before the HKIAC. *Id.* The notice of arbitration correctly identified the Cooperation Agreement, Amended Cooperation Agreement, Umbrella Agreement and RGLA Agreement as the agreements under which Zhongzhi asserted its claim against Dr. Shi. The crux of Petitioner's claims was that Dr. Shi breached an obligation under the Amended Cooperation Agreement to make certain guaranteed payments to Zhongzhi. The basis for arbitration of Petitioner's claim was the RGLA Agreement, not any of the dispute resolution provisions in any of the other agreements. Dkt. 5-1 at 21 ¶¶ 71, 72.

### F. The Award

On August 23, 2019, the arbitrator issued the Award. Dkt. 5-1. In the Award, the arbitrator noted that Petitioner is a Cayman Islands limited liability exempted company with a registered office in the Cayman Islands. Dkt. 5-1 at 5 ¶ 1. The arbitrator noted two addresses for Dr. Shi, both of which are located in Beijing,

PRC. Dkt. 5-1 at 5 ¶ 3.

### G. This Action

Petitioner commenced this action by filing the Petition dated August 16, 2022, seeking to confirm the Award. Dkt. 1. Petitioner fails to specify the sections of Article 3 of the N.Y. CPLR or  the Federal Rules of Civil Procedure that it contends provide a basis for personal jurisdiction over Dr. Shi.

The Petition alleges in conclusory fashion that Dr. Shi "maintains a business address in New York" and that "Shi maintains a valid business address in this District," but the Petition fails to allege any of these business addresses or the basis for the allegation that Dr. Shi maintains a business address in New York. Dkt. 1 ¶ 3, 7.

Petitioner also generally asserts that Dr. Shi "contractually agreed to New York's jurisdiction and [] the agreement at issue implicates New York." Dkt. 1 ¶ 7. But the Petition fails to identify which agreement allegedly contains a consent to jurisdiction in New York or "implicates" New York.

Petitioner cites to Dr. Shi's defense in the *Baliga* Action in New York and asserts that "Shi is subject to jurisdiction based on his contacts with New York, his active litigation in this Court, and his consent to jurisdiction." Dkt. 1 ¶ 23. *See also* Dkt. 1 ¶ 8 ("Shi has consented to the jurisdiction of this Court in relation to this dispute"). Petitioner also cites to a June 11, 2019 finding by the Court in the *Baliga* Action that "Shi almost certainly has the minimum contacts necessary with the United States and the forum state to satisfy due process concerns." Dkt. 1 ¶ 20. But the Petition fails to explain how the contacts with New York at issue in the *Baliga*

Action relate to the transactions that are the subject of the Award.

The Petitioner further asserts Dr. Shi's position as Chairman of the Board of Link Motion as grounds for the exercise of personal jurisdiction over Dr. Shi. Dkt. 1 ¶ 22.

## ARGUMENT

Because the Award was issued in an arbitration conducted outside the United States and involved non-U.S. parties concerning a commercial matter, the Award is subject to the New York Convention. 9 U.S.C. § 202. The Convention provides for federal subject matter jurisdiction over petitions to confirm foreign arbitral awards, but it does not confer personal jurisdiction over parties. *Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208, 212 (4th Cir. 2002), *cert. denied*, *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 537 U.S. 822 (2002), *citing Transatlantic Bulk Shipping, Ltd. v. Saudi Chartering S.A.*, 622 F. Supp. 25, 27 (S.D.N.Y. 1985). It is Petitioner's burden to show personal jurisdiction over Dr. Shi in this District for confirmation of the award to be proper here. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Petitioner has failed to meet this burden.

## I.   New York law does not provide the Court with personal jurisdiction over Dr. Shi

There is no jurisdiction over Dr. Shi under New York's CPLR and an exercise of personal jurisdiction over Dr. Shi would be inconsistent with federal due process requirements. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Plaintiff has not adequately alleged that Dr. Shi has

"certain minimum contacts" with New York or that "the exercise of jurisdiction is reasonable in the circumstances." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). General jurisdiction means that a defendant is "at home" in the forum State, *Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016), while specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Waldman*, 835 F.3d at 331 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Petitioner has failed to demonstrate general or specific jurisdiction over Dr. Shi.

### A. There is no general jurisdiction over Dr. Shi under New York law.

Although Petitioner does not expressly invoke general jurisdiction under N.Y. CPLR 301 and does not allege anywhere that Dr. Shi is a domiciliary of New York, Petitioner does assert the conclusory allegation that Dr. Shi "maintains a business address in New York." Dkt. 1 ¶ 3. This is insufficient to give rise to general jurisdiction over Dr. Shi under N.Y. CPLR 301.

General jurisdiction under N.Y. CPLR 301 requires a showing that "a defendant engaged in continuous, permanent, and substantial activity in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, *1043 (2d Cir. 1990). Courts consider factors "including the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Id*. "Further indicia of a foreign defendant's presence within the state include

whether the defendant pays New York income or property taxes and whether the defendant is licensed to do business in New York." *Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp. 2d 428, 437 (S.D.N.Y. 2003) (citations omitted).

Here, there are no allegations that Dr. Shi does business in New York. Petitioner does not allege that Dr. Shi maintains bank accounts or employees in New York and Petitioner does not identify an actual office purportedly maintained by Dr. Shi in New York. Petitioner does not even allege that Dr. Shi ever visits New York on a regular basis. Petitioner alleges in conclusory fashion only that Dr. Shi maintains an office, but not what the address is, or that Dr. Shi was doing business individually in New York at the time the Petition was filed.

Dr. Shi's appearance as a defendant in the *Baliga* Action does not subject him to general jurisdiction in this forum. "A party's appearance as petitioner in one proceeding does not necessarily subject it to personal jurisdiction in another proceeding, even in the same court." *Pinto-Thomaz v. Cusi*, No. 15-cv-1993 (PKC), 2015 U.S. Dist. LEXIS 158518, at *16 (S.D.N.Y. Nov. 24, 2015), quoting *Greatship (Ind) Ltd. v. Marine Logistics Sols. (Marsol) LLC*, 2012 U.S. Dist. LEXIS 8231, 2012 WL 204102, at *4 (S.D.N.Y. Jan. 24, 2012) (citations omitted). Supreme Court precedent and N.Y. CPLR 303 would only permit personal jurisdiction to be asserted against Dr. Shi if he had brought an action in state court and a party to that action sought to assert a separate claim against Dr. Shi. N.Y. CPLR 303; *Rockwood Nat'l Corp. v. Peat, Marwick, Mitchell & Co.*, 63 A.D.2d 978, 406 N.Y.S.2d 106 (N.Y. App. Div. 1978). That is not this case. Here Dr. Shi was sued as

a defendant in federal court and appeared as a defendant to protect his interests. Petitioner here is not a party to the *Baliga* Action. There are no grounds to find personal jurisdiction exists over Dr. Shi as a result of his appearance in the *Baliga* Action.

Nor can Petitioner acquire general jurisdiction over Dr. Shi based on his role as Chairman of Link Motion, which was previously listed on NYSE. New York does not have general jurisdiction over Link Motion merely as a result of its securities being traded on NYSE. *IP Co. LLC v. Gen. Commun., Inc.*, 2007 U.S. Dist. LEXIS 81451, at *8-9 (S.D.N.Y. Oct. 31, 2007) (noting that "having securities listed on New York-based stock exchanges and preforming activities necessary to facilitate those listings, without more, are insufficient to confer New York jurisdiction over a foreign corporation"), citing *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000). Given that general jurisdiction will not lie against Link Motion under NY CPLR 301, it also does not exist as to Dr. Shi, who was Link Motion's Chairman and whose connection to New York is even more attenuated.

## B. There are no grounds for specific jurisdiction over Dr. Shi under New York law

Long arm jurisdiction over non-domiciliaries is governed by N.Y. CPLR 302(a). This section provides three bases for the exercise of long-arm jurisdiction over persons domiciled outside the state. None apply here.

## 1. Dr. Shi does not "transact any business" within the state under N.Y. CPLR 302(a)(1)

N.Y. CPLR 302(a)(1) provides for specific personal jurisdiction over a non-domiciliary who "in person or through an agent . . . transacts business within the

state or contracts anywhere to supply goods or services in the state" as long as the claim asserted arises from that business activity. _Bank Brussels Lambert_, 171 F.3d at 787 (citations and quotations omitted). "A single transaction would be sufficient to fulfill this requirement," only if "the relevant cause of action also arises from that transaction." _Bank Brussels Lambert_, 171 F.3d at 787. For jurisdiction under N.Y. CPLR 302(a)(1), the non-domiciliary needs to be shown to have "purposely avail[ed] itself of the privilege of conducting activities within the State, thus invoking the benefits and protections of its laws" but only where Petitioner makes the "additional showing of a 'direct relation between the cause of action and the instate conduct.'" _IP Co. LLC_, 2007 U.S. Dist. LEXIS 81451, at *11-13 (citations omitted) (finding no personal jurisdiction where the claim arose out a cease and desist letter and not from defendant's activity in New York).

Petitioner alleges no business transactions by Dr. Shi that show him "purposefully availing" the privilege of conducting business in New York that give rise to the Award. Petitioner merely alleges that Dr. Shi maintains a supposed office address in New York and has in the _Baliga_ Action to defend against the claims asserted against him.

Petitioner does not allege the specific address it means to suggest as Dr. Shi's business address or what "business" Dr. Shi supposedly conducts at that address that gave rise to the Award. To the extent that Petitioner implies that Dr. Shi's undersigned counsel maintains a business office for Dr. Shi, that is not correct. Undersigned counsel is not, was not, and has never been retained as a general

agent for Dr. Shi, Dkt. 15 at ¶¶ 4-5, and therefore, undersigned counsel's office does not constitute an office address of Dr. Shi. *See Convergen Energy LLC v. Brooks*, No. 20-cv-3746 (LJL), 2020 U.S. Dist. LEXIS 126293, at \*21-23 (S.D.N.Y. July 17, 2020); *Prado v. City of New York*, No. 12-CV-4239 RJS, 2015 WL 5190427, at \*3 (S.D.N.Y. Sept. 3, 2015); *Jackson v. Cty. of Nassau*, 339 F. Supp. 2d 473, 477-78 (E.D.N.Y. 2004).

That "office" also cannot be Link Motion's non-existent office in New York. *See Aizen v. Am. Healthcare Admin. Servs.*, No. 3:18-cv-15195-BRM-DEA, 2019 U.S. Dist. LEXIS 165278, at \*18-19 (D.N.J. Sep. 26, 2019). To the extent Petitioner insinuates that Dr. Shi's affiliation with Link Motion, a Cayman Islands company formerly listed on the NYSE, constitutes the maintenance of an office address by Dr. Shi, this argument also fails. Link Motion does not maintain any physical offices in New York and was delisted from the NYSE years ago. Maloney Decl. Ex. 5. And Link Motion's former registered agent, The Law Debenture Corporation, was never retained as an agent for Dr. Shi. Shi Decl. ¶¶ 32-33, Ex. 3.

Nor does Dr. Shi's appearance and defense of claims in the *Baliga* Action give rise to personal jurisdiction pursuant to N.Y. CPLR 302(a)(1). As discussed *supra*, appearance in a judicial proceeding is not a "business transaction." And Petitioner offers no explanation as to how Dr. Shi's appearance in the *Baliga* Action could have given rise

to the cause of action here, recognition of an arbitration Award obtained in Hong Kong for alleged breaches of the Amended Cooperation Agreement. N.Y.

CPLR 302(a)(1) does not provide jurisdiction here because "the relevant cause of action" does not "arise[s] from [a] transaction" in New York. *Bank Brussels Lambert*, 171 F.3d at 787.

## 2. There is no allegation of a "tortious act within the state" giving rise to jurisdiction under N.Y. CPLR 302(a)(2)

N.Y. CPLR 302(a)(2) provides for jurisdiction over non-domiciliaries who "commit[] a tortious act within the state." The Petition contains no claim or allegation of a tortious act committed in New York. Thus, there is no basis for exercise of personal jurisdiction over Dr. Shi under this provision.

## 3. There is no jurisdiction under N.Y. CPLR 302(a)(3)

N.Y. CPLR 302(a)(3) provides for jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state." This is an action to confirm an arbitration award concerning a contractual obligation in Hong Kong. All of the conduct related to the contract and arbitration occurred in the PRC or Hong Kong. The Petition contains no claim or allegation of a tortious act committed outside of New York. Nor is Petitioner domiciled or found in New York. Therefore, there is no "tortious act" and "no injury to person or property within" New York.

## C. Exercise of jurisdiction over Dr. Shi in New York would not comport with due process

Even if Petitioner met any of the statutory requirements for personal jurisdiction, Petitioner cannot establish that exercise of personal jurisdiction comports with Due Process under the U.S. Constitution.

"The due process analysis 'focuses on the relationship among the defendant,

the forum, and the litigation,' and specific jurisdiction 'must arise out of contacts that the 'defendant *himself* ' creates with the forum State'—'the plaintiff cannot be the only link between the defendant and the forum.'" *Doe v. McAdam Fin. Grp. LLC*, No. 22-CV-00113 (GHW)(SN), 2022 U.S. Dist. LEXIS 150555, at *19 (S.D.N.Y. Aug. 3, 2022), *quoting Walden v. Fiore*, 571 U.S. 277, 284, 286 (2014).

There are no minimum contacts between Dr. Shi and this forum sufficient to withstand the due process analysis because Dr. Shi's contacts with the forum fall way below the requisite standard. Dr. Shi does not maintain an office or residence here, does not do business here, and has not even visited the U.S. since 2018. His appearance in a lawsuit to defend against legal  claims wholly unrelated to the subject of the Petition fails to rise to the level of minimum contacts sufficient to comport with due process.

## II.        Dr. Shi did not contractually agree to jurisdiction in New York

Dr. Shi did not agree to subject himself to personal jurisdiction of New York or its courts in connection with the RGLA Agreement, Cooperation Agreement, or Amended Cooperation Agreement. The Award was based on Dr. Shi's obligations under those three agreements, in which Dr. Shi agreed to personal jurisdiction of a single forum in Hong Kong. *See* Dkt. 5-5.

### A. Dr. Shi agreed to personal jurisdiction in Hong Kong, not New York

Dr. Shi, in the RGLA Agreement, agreed to arbitrate all disputes in in Hong Kong before the HKIAC. Consent to arbitration in a particular forum constitutes consent to jurisdiction in that forum. *Island Territory of Curacao v. Solitron Devices, Inc.*, 489 F.2d 1313, 1317 (2d Cir. 1973).

**B. The provisions of the RGLA Agreement control over the prior agreements.**

There is no basis to find that Dr. Shi consented to jurisdiction in New York based on the content of any of the prior agreements. The RGLA Agreement, executed on November 30, 2018, post-dates the Cooperation Agreement, the Amended Cooperation Agreement, and all of the other agreements referenced in the Petition. The RGLA Agreement expressly "replace[d] the governing law and dispute resolution clause[s]" in the prior agreements Dkt. 5-5 at p.3. And the RGLA Agreement was signed by identical parties as the relevant prior agreements. Under the doctrine of contract merger, an earlier signed contract is merged into a later signed contract and supersedes the prior one when the two contracts involve the same subject matter and identical parties. *Ottawa Office Integration, Inc. v. FTF Bus. Sys.*, 132 F. Supp. 2d 215, 219 (S.D.N.Y. 2001); *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 524 (E.D.N.Y. 2017).

The contents of the RGLA Agreement supersede any inconsistent provision of the prior agreements. *See Ottawa Office Integration, Inc.*, 132 F. Supp. 2d at 219. And because the RGLA Agreement contains only an agreement to arbitrate in Hong Kong, there is no basis to find that Dr. Shi consented to personal jurisdiction in any other forum.

**C. Choice of law provisions do not equate to consent to jurisdiction.**

Even if the New York choice of law provision in the Cooperation Agreement was not superseded by the RGLA Agreement's choice of Hong Kong law, such a provision is not "a voluntary submission to personal jurisdiction in New York."

*McShan v. Omega Louis Brandt et Frere, S.A.*, 536 F.2d 516, 518 (2d Cir. 1976) ("The law is well settled, however, that a choice of law provision in a contract does not constitute a voluntary submission to personal jurisdiction in New York"), citing *Galgay v. Bulletin Co.*, 504 F.2d 1062, 1066 (2d Cir. 1974) and *Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 588 (2d Cir. 1965).

### D. Dr. Shi is not a party to the Purchase Agreement and its jurisdiction provision cannot be applied to him

The Purchase Agreement is the only contract identified in the Petition that provides for written consent to jurisdiction in New York. The Purchase Agreement was entered into between Link Motion and Petitioner. Dkt. 5-3. Dr. Shi was not a party to the Note. Dkt. 5-3 at p.19-20. It is black letter law that a non-signatory is not bound by a contract unless one of the five traditional theories for binding nonsignatories applies: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (discussing the application of these theories in the context of an arbitration agreement). None of these theories apply here to justify binding Dr. Shi to the Purchase Agreement and Petitioner does not appear to rely on the Purchase Agreement in support of its argument for personal jurisdiction.

Moreover, the Purchase Agreement is not relevant to the Award because (i) that agreement was terminated in November 2018 and superseded by the Revised Note, *see* Shi Decl. ¶ 12, Ex. 1, and (ii) Petitioner obtained an entirely separate arbitration award on the Revised Note, *see* Shi Decl. ¶¶ 13-15.

### III.     Fed. R. Civ. P. 4(k)(2) does not provide the Court with personal jurisdiction over Dr. Shi

Although Petitioner does not invoke Rule 4(k)(2), "Rule 4(k)(2) allows the exercise of personal jurisdiction by a federal district court when three requirements are met: (1) the claim must arise under federal law; (2) the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction must be consistent with the United States Constitution and laws." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 127 (2d Cir. 2008). *See also Dardana Ltd. v. Yugankneftegaz*, 317 F.3d 202, 207 (2d Cir. 2003).

General connections to the U.S. are not enough for jurisdiction under Rule 4(k)(2): alleged contacts with the U.S. must be connected to the claims asserted. *Bristol-Meyers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780, 2017 U.S. LEXIS 3873, 2017 WL 2621322 (2017). *See also In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019) ("unrelated contacts cannot diminish the required showing of an affiliation between the forum and the underlying controversy").

Petitioner's allegations regarding Dr. Shi's appearance and participation in a U.S. legal proceeding that is unrelated to the claim at issue is insufficient to establish personal jurisdiction under Rule 4(k)(2). *See Porina*, 521 F.3d at 128 ("Plaintiffs make no serious attempt to show that their suit either arises out of, or is related to, [Defendant]'s contacts with the United States).

### CONCLUSION

For all the reasons set forth above, the Court should grant Dr. Shi's motion to dismiss pursuant to Rule 12(b)(2) with prejudice and grant other or further relief as

the Court deems just and equitable.

Dated: New York, New York
       October 27, 2022

Respectfully submitted,

FELICELLO LAW P.C.

By:   */s/ Michael James Maloney*
       Michael    James    Maloney
       Rosanne E. Felicello
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
*Attorneys for Vincent Wenyong Shi*