UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                               :

Zhongzhi Hi-Tech Overseas Investment Ltd.,    :

                        Petitioner,    :    Preska, J.

                        v.    :    Civil Action No.: 22-cv-6977

Vincent Wenyong Shi,    :

                       Respondent.    :

-------------------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 1

    A.  The Background of the Instant Action .............................................................................. 1

    B.  The Baliga Case ................................................................................................................ 3

    C.  Procedural History ............................................................................................................ 4

ARGUMENT .................................................................................................................................. 5

    A.  Legal Standard .................................................................................................................. 5

    B.  This Court Can Exercise Specific Jurisdiction Over Shi ................................................... 7

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

Asahi Metal Indus. Co. v. Superior Court,
   480 U.S. 102 (1987) ..................................................................................................................7

Baliga v. Link Motion Inc. et al.,
   Docket No. 1:18-cv-11642-VM-VF ................................................................................ *passim*

Burger King Corp. v. Rudzewicz,
   471 U.S. 462 (1985) ..................................................................................................................7

Chloe v. Queen Bee of Beverly Hills, LLC,
   616 F.3d 158 (2d Cir. 2010) ...................................................................................................7, 9

Doe v. McAdam Fin. Grp. LLC,
   2022 U.S. Dist. LEXIS 150555 (S.D.N.Y. Aug. 3, 2022) .........................................................9

Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbajiani Republic,
   582 F.3d 393 (2d Cir. 2009) ......................................................................................................6

Gulf Ins. Co. v. Caldor Corp.,
   2006 U.S. Dist LEXIS 38136 (S.D.N.Y. June 7, 2006) ............................................................9

Int'l Shoe v. Washington,
   326 U.S. 310 (1945) ..................................................................................................................6

IP Co. LLC v. Gen Commun. Inc.,
   2007 U.S. Dist. LEXIS 81451 (S.D.N.Y. Oct. 31, 2007) .........................................................9

Iraq Telecom Limited v. IBL Bank S.A.
   L., 2022 WL 1063954 (S.D.N.Y. Apr. 8, 2022) .......................................................................5

In re Magnetic Audiotape Antitrust Litig.,
   334 F.3d 204 (2d Cir. 2003) ......................................................................................................6

McGowan v. Smith,
   52 N.Y.2d 268 (1981) ...............................................................................................................6

McShan v. Omega Louis Brandt et Frere, S.A.,
   536 F.2d 516 (2d Cir. 1976) ......................................................................................................7

Pinto-Thomas v. Cusi,
   2015 U.S. Dist. LEXIS 158518 (S.D.N.Y. Nov. 24, 2015) ......................................................8

Pro. Sport Serv. Fi Oy v. Puck Agency LLC,
    2019 WL 5884558 (S.D.N.Y. Nov. 8, 2019) ..................................................................5

Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,
    450 F.3d 100 (2d Cir. 2006) .................................................................................6, 7

Thomson-CSF, S.A. v. American Arbitration Ass'n,
    64 F.3d 773 (2d Cir. 1995) ..........................................................................................10

Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.,
    126 F.3d 15 (2d Cir. 1997) ............................................................................................5

## Statutes and Codes

United States Code
    Title 9, section 203 ........................................................................................................5

## Rules and Regulations

Federal Rules of Civil Procedure
    Section 12(b)(2) .............................................................................................................5

New York Civil Practice Law and Rules
    Section 301 .....................................................................................................................6
    Section 302 .....................................................................................................................6

## Other Authorities

Form F-6, Link Motion Inc (Apr. 8, 2011) , available at:
    https://sec.report/Document/0000950127-11-000101/a11-
    33_f6.htm?__cf_chl_jschl_tk__=0b2f214434847d44721b386b0a0e3010e87fb710-
    1601280288-0-Abs-
    GCfLweKrdnDfMj55B_c0bd_j7zFKGI2r83cYUTKjDDa9jlYypbxlSnwAJg0bGZ9Y1sYZhe
    Z3mbY47F7ncTTggHh1yy99pIYLYrmVXGTM_0oWpE6bMoC93Ki5hIjmEEDoen7pi1ERr
    tX5GyGxTnvKTBCjnL2C_DDl-yioCvMR6vWstZif5eemabTuA0aYNQcXvOh9x4dpY8-
    vHgM1MuUNWEQekIUtzazzLwp6bgt_FgYx7AlikeOBsFfE2921kHyn0ZbYSgexHtvE8cwt
    TGR_6yVIc3qKeMdrKdhJbGWrgPHPhArcRx6HysUOXJrOL_-
    BQz_5xkIvRIpOoWxA_HMWfd5eklRdUSyARnBYGDCC7mGWKA0bnT8MsG4eQKla0C
    ZzhOhXqARfVA2wSBCftR4. ....................................................................................3

Petitioner Zhongzhi Hi-Tech Overseas Investment Ltd. (hereinafter referred to as "Hi-Tech"), by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to Respondent Vincent Wenyong Shi's (hereinafter referred to as "Shi") motion to dismiss the petition to confirm an arbitration award dated August 23, 2019.

## PRELIMINARY STATEMENT

This is a very simple case.  Hi-Tech seeks only that this Court confirm a valid arbitral award from the Hong Kong International Arbitration Centre.  Tellingly, Shi does not move to dismiss the petition on any grounds *other* than for lack of personal jurisdiction, given this Court's narrow role in confirming such an award.  Dkt. No. 32.  Moreover, Shi does not contest that he had notice of the arbitration, despite choosing not to participate, nor the amount of the award.  Instead, Shi now tries to avoid the consequences of defaulting on that guaranty—all $145 million of it, plus interest, costs, and fees—by baldly claiming that this Court lacks personal jurisdiction over him, while voluntarily appearing and litigating a related case in this District.  As set forth below and pled in the Petition, this Court can exercise personal jurisdiction over Shi based on his voluntary appearance and defense of the related case in this Court and his activities in this District as former chairman of Link Motion, Inc.

## STATEMENT OF FACTS

**A.     The Background of the Instant Action**

On September 23, 2016, Hi-Tech, Shi, and RPL Holdings Limited (hereinafter referred to as "RPL") entered into a Cooperation Agreement.  Dkt. Nos. 1, 5-2.  As of that date, RPL was the owner of record of 10.6% of the outstanding common shares of NQ Mobile Inc., the predecessor to Link Motion, Inc. (hereinafter referred to as "LKM"), which constituted approximately 54.3% of the voting power.  Dkt. No. 5-2.  At that time, Shi was a director of RPL

and the chairman and chief operating officer of NQ Mobile Inc.  Id.  Pursuant to the Cooperation Agreement, Shi was precluded from, *inter alia*, offering or selling his interest in RPL or "resign[ing] from his positions as the chairman and chief operating officer of NQ."  Id.  Additionally, that agreement included a New York choice-of-law clause.  Id.

On that same day, LKM and Hi-Tech entered into a convertible note purchase agreement in order to raise capital for LKM.  Dkt. No. 5-3.[1]  That agreement provides for both New York choice of law and a contractual submission to the jurisdiction of New York courts for "any legal action, suit, or proceeding . . . with respect to . . . any other matter arising out of or in connection with this Agreement or the Note."  Id.

On or about November 20, 2017, NQ Mobile Inc. and Hi-Tech executed a partial redemption agreement and amendment to the convertible note, which also provided that "[t]his Agreement shall be governed and interpreted in accordance with the internal laws of the State of New York."  Dkt. No. 30-1.[2]  Around the same time, Shi, Hi-Tech, and RPL entered into an amendment to the cooperation agreement providing that RPI and Shi were jointly and severally liable for the "difference between [the] Guaranteed Return and CB Return in the event that [the] Guaranteed Return exceeds [the] CB Return[3]" and stating that, *inter alia*, the governing law section from the original agreement applied to the amended agreement.  Dkt. No. 5-4.

In 2018, Shi, Hi-Tech, and other parties entered into an Umbrella Agreement, which sought to harmonize all of the relevant agreements, including the governing law provisions.  Dkt. No. 30-2.  In November 30, 2018, Hi-Tech and Shi entered into a restated governing law and

---

[1] Shi appears to have signed the agreement on behalf of NQ Mobile Inc. Id.

[2] It appears that Shi also signed this agreement on behalf of NQ Mobile Inc. Id .

[3] "Guaranteed Return" means US$264,000,000, and "CB Return" means the aggregate amount of (i) the principal amount of the Note repaid by NQ, (ii) Basic Interests paid by NQ, RPL and Dr. Shi, and (iii) the market value of Conversion ADSs as determined by multiplying the Last Reported Sale Price of ADSs on October 2, 2018 by the number of Conversion ADSs." Dkt. No. 5-4.

2

arbitration agreement (hereinafter referred to as "RGLA Agreement").  Dkt. No. 5-5.  That agreement confirmed that the cooperation agreement, amended cooperation agreement, and umbrella agreement would be interpreted under Hong Kong law.  Id.

On December 20, 2018, Hi-Tech commenced the instant arbitration against Shi before the Hong Kong International Arbitration Centre (hereinafter referred to as "HKIAC") for failure to make the required payments under section 1.2 of the Amended Cooperation Agreement.  See Dkt. No. 1 ¶¶ 13-17; Dkt. No. 1-1 ¶ 11.

### B. The Baliga Case

On December 13, 2018, a shareholder derivative action was filed against LKM and its directors, including Shi.  Baliga v. Link Motion Inc. et al. (hereinafter referred to as "Baliga"), Docket No. 1:18-cv-11642-VM-VF.  The complaint generally alleged the "gross mismanagement of LKM including egregious self-dealing," "misleading and false statements" and "outright fraud and theft of LKM assets."  Baliga, Dkt. No. 1, ¶ 2.  Shi had served as LKM's Chairman of the Board since December 2014 and Chief Operating Officer since October 2005.  Id. ¶ 6.  LKM was listed on the New York Stock Exchange until 2019, had an agent for service of process located in New York[4], and operated under a New York-based receivership until August 2022.  Id., Dkt. No. 331.  Hi-Tech is not a party to or participant in the Baliga case.

---

[4] Hi-Tech understands that Shi and LKM were affiliated with Law Debentures Services, Inc., located at 400 Madison Avenue, New York, New York, including in a Form F-6 filed with the SEC in 2011 as "agent for service."  See,.e.g., Form F-6, Link Motion Inc (Apr. 8, 2011) , available at: https://sec.report/Document/0000950127-11-000101/a11-33_f6.htm?__cf_chl_jschl_tk__=0b2f214434847d44721b386b0a0e3010e87fb710-1601280288-0-Abs-GCfLweKrdnDfMj55B_c0bd_j7zFKGI2r83cYUTKjDDa9jlYypbxlSnwAJg0bGZ9Y1sYZheZ3mbY47F7ncTTggHh1yy99pIYLYrmVXGTM_0oWpE6bMoC93Ki5hIjmEEDoen7pi1ERrtX5GyGxTnvKTBCjnL2C_DDl-yioCvMR6vWstZif5eemabTuA0aYNQcXvOh9x4dpY8-vHgM1MuUNWEQekIUtzazzLwp6bgt_FgYx7AlikeOBsFfE2921kHyn0ZbYSgexHtvE8cwtTGR_6yVIc3qKeMdrKdhJbGWrgPHPhArcRx6HysUOXJrOL_-BQz_5xkIvRIpOoWxA_HMWfd5eklRdUSyARnBYGDCC7mGWKA0bnT8MsG4eQKla0CZzhOhXqARfVA2wSBCftR4.

Shi voluntarily appeared in Baliga through his counsel at Felicello Law P.C. On March 27, 2019, Shi filed a motion to dismiss for lack of personal jurisdiction for failure to properly serve him—not for lack of minimum contacts—and to vacate the receiver's appointment, and discharge the receiver. Id., Dkt. No. 35. In opposition to that motion, Plaintiff alleged that, in addition to listing on the New York Stock Exchange, Shi had travelled to New York multiple times between 2015 and 2018, including for the "Oppenheimer & Co. Non-Deal Roadshow." Id., Dkt. No. 49 ¶¶12-14.

On June 11, 2019, the Court held that "Shi almost certainly has the minimum contacts necessary with the United States and the forum state to satisfy due process concerns," but ordered that the plaintiff should serve Shi properly because "service of process is mandatory for personal jurisdiction." Id., Dkt. No. 64 at 12. On September 4, 2020, the Court held that service on Shi by mail or email to his counsel would be deemed sufficient service. Id., Dkt. No. 163.[5] Shi has actively litigated the case since September 2020, including by routinely making and opposing motions and corresponding with the Court. He, through counsel, most recently submitted a letter to Magistrate Judge Figueredo on November 22, 2022. Id., Dkt. No. 380.

C. **Procedural History**

On December 20, 2018, Hi-Tech commenced the arbitration against Shi. Dkt. No. 1-1 ¶ 11. The arbitration was conducted pursuant to the arbitration clause contained in the RGLA Agreement. Id. ¶ 8. On May 21, 2019, an in-person hearing on the merits was held in Hong Kong from 09:31 a.m. to 11:38 a.m. HKT. Dkt. No. 5-1 ¶ 49. HiTech attended the hearing by and through its legal counsel and the company representative, Mr. Xichun Wu. Id. Shi was not

---

[5] Contrary to Shi's argument, Hi-Tech has never contended that counsel serves as a general agent for Shi. Dkt. No. 32 at 14. Rather, as this Court agreed, given Shi's intransigence in evading service, service via counsel could properly apprise him of this proceeding.

4

represented by counsel in the arbitration and did not appear at the hearing.  Id.  The relief granted includes monetary damages against Shi in the following amounts:

   i. US$144,987,086.78, pursuant to section 1.2 of the Amended Cooperation Agreement;
   ii. Simple interest on the sum of US$144,987,086.78 at 5.5% per annum from October 3, 2018, to the date of the award, and thereafter at the judgment rate determined by the Chief Justice of Hong Kong from time to time (currently 8.125% per annum) until payment in full, pursuant to sections 79 and 80 of the Arbitration Ordinance (Cap. 609); and
   iii. US$197,968.66, as the costs of the arbitration, together with simple interest thereon at the judgment rate determined by the Chief Justice of Hong Kong from time to time (currently 8.125% per annum) from the date of the Award until payment in full. Dkt. No. 1-1 ¶ 31.

To date, Shi has not paid any of the outstanding award.  Id. ¶ 32.  On August 16, 2022, Hi-Tech filed its petition to confirm the award and requested service via Shi's U.S. counsel.  Dkt. Nos. 1-9.  On September 6, 2022, after oral argument, this Court granted Hi-Tech's motion for court-ordered service.  Dkt. No. 27.  In conformity with the parties' stipulated briefing schedule, Shi moved to dismiss the petition on October 27, 2022 pursuant to Fed. R. Civ. P. 12(b)(2).  Dkt. Nos. 29-32.

## ARGUMENT

### A.    Legal Standard

This Court has subject matter jurisdiction over the Petition pursuant to the Federal Arbitration Act.  9 U.S.C. § 203; see also Pro. Sport Serv. Fi Oy v. Puck Agency LLC, 2019 WL 5884558, at *3 (S.D.N.Y. Nov. 8, 2019).  The District Court's ability to reject a foreign arbitration award is "strictly limited."  Iraq Telecom Limited v. IBL Bank S.A.L., 2022 WL 1063954, at *4 (S.D.N.Y. Apr. 8, 2022), quoting Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 19 (2d Cir. 1997).  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  Id. (internal citations omitted).

However, the Court still needs to exercise personal jurisdiction over the respondent.  See Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbajiani Republic, 582 F.3d 393 (2d Cir. 2009).  While the plaintiff has the burden of proof, "a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction," and the Court "credit[s] a plaintiff's averments of jurisdictional facts as true."  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003) (internal citations omitted).  The proper exercise of personal jurisdiction requires a "statutory basis for asserting jurisdiction over a defendant" and that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." Frontera Resources Azerbaijan Corp., 582 F.3d at 396, quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945).

First, CPLR § 301, governing general jurisdiction, permits the court to exercise jurisdiction to the bounds of what is constitutionally permitted.  CPLR § 302, governing specific jurisdiction, permits the Court to exercise personal jurisdiction over a non-domiciliary defendant who, *inter alia*, "transacts any business within the state or contracts anywhere to supply goods or services in the state" or "owns, uses or possesses any real property situated within the state."[6] The "claim asserted must arise from that business activity."  Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006), citing McGowan v. Smith, 52 N.Y.2d 268, 273 (1981).  A claim "arises" from a transaction where there is "some articulable nexus between the business transacted and the cause of action sued upon," or  "a substantial relationship between the transaction and the claim asserted." Id. at 103-104 (holding that "any transaction of business in New York in connection with a contract as to which there is an

---

[6] Hi-Tech concedes that CPLR 302(a)(2) and (a)(3), relating to tortious acts within and without the state, are irrelevant to this dispute. Dkt. No. 32 at 15.

6

arbitration provision bears an 'articulable nexus' to a challenge to the arbitrators' disposition of a dispute pursuant to that arbitration provision").

Second, the Supreme Court has explained the touchstone of the constitutional analysis as whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into Court there," such that there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal citations omitted). In doing so, the Court will consider " (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164-165 (2d Cir. 2010), quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987).

### B.     This Court Can Exercise Specific Jurisdiction Over Shi

Taken together, the fact that the original cooperation agreement provided for New York choice-of-law[7], Shi's activities in New York in connection with his leadership of LKM, as alleged in the Baliga action, and his continued participation in that action—which is directly related to this proceeding—present an "articulable nexus" with the instant arbitration proceeding. Sole Resort, S.A. de C.V., 450 F.3d at 103.  As explained in Shi's own papers, in 2016, LKM "required additional capital to fund its PRC operations" and turned to Hi-Tech to provide that

---

[7] Hi-Tech acknowledges that a choice-of-law provisions do not themselves "constitute a voluntary submission to personal jurisdiction in New York," but submits that it is highly probative given Shi's voluntary appearance in a related action. McShan v. Omega Louis Brandt et Frere, S.A., 536 F.2d 516 (2d Cir. 1976) (internal citations omitted).

7

funding.  Dkt. No. 32 at 3.  That need to subsidize the company's operations caused the parties to enter into the cooperation agreement and convertible note purchase agreement, upon which Shi, a personal guarantor and signatory on behalf of LKM's predecessor entity, eventually defaulted.  Dkt. Nos. 1, 4.

The Baliga action, brought on behalf of shareholders concerned with, *inter alia*, corporate waste, specifically alleged that "Defendant Shi was unwilling to step down [from his role as chairman or COO], and, instead, began to direct a campaign of deceit, gross mismanagement, fraudulent self-dealing, and quite literally theft of LKM's most valuable assets."  Baliga, Dkt. No. 1 ¶ 16.  The complaint also made specific allegations regarding Hi-Tech and the subject note.  Id. ¶ 25.  In light of that context, and the allegations in Baliga's opposition to the motion to dismiss that Shi repeatedly visited and transacted business in New York, Judge Marrero held that "Baliga is correct that Shi almost certainly has the minimum contacts necessary with the United States and the forum state to satisfy due process concerns" and noted that "Shi d[id] not seriously contest personal jurisdiction on minimum contacts grounds."  Id., Dkt. No. 64 at 12.  Shi cannot escape personal jurisdiction now by claiming that lawsuit is unrelated and that LKM was delisted from the stock exchange because the company was put under receivership by a judge of this Court.

Further, Shi argues that "[a] party's appearance as petitioner in one proceeding does not ***necessarily*** subject it to personal jurisdiction in another proceeding, even in the same court."  Dkt. No. 32 at 11, quoting Pinto-Thomas v. Cusi, 2015 U.S. Dist. LEXIS 158518, at *16-17 (S.D.N.Y. Nov. 24, 2015) (emphasis added and internal citations omitted).  In that case, the previous lawsuit upon which plaintiff tried to base jurisdiction was brought in state court by the defendant against an art dealer for breach of contract and negligence.  Id.  By contrast, Shi has

actively participated and defended a lawsuit in this forum since March 2019 based on his failed stewardship of LKM, on whose behalf the subject note was procured.  Baliga, Dkt. No. 35; see also Gulf Ins. Co. v. Caldor Corp., 2006 U.S. Dist LEXIS 38136, at *16-17 (S.D.N.Y. June 7, 2006) (holding that the defendants' "activities in the Bankruptcy Court were not done in connection with any issue involved in this case," where the instant action arose, "not out of the bankruptcy proceeding, but out of the accident, the New Jersey Judgment and the terms of the Gulf Policy").

Similarly, Respondent cites IP Co. LLC v. Gen Commun. Inc. for the proposition that "having securities listed on New York-based stock exchanges and preforming [sic] activities necessary to facilitate those listings, *without more*, are insufficient to confer New York jurisdiction over a foreign corporation." 2007 U.S. Dist. LEXIS 81451, at *8 (S.D.N.Y. Oct. 31, 2007) (emphasis added and internal citations omitted).  Here, Hi-Tech points to the fact that LKM's shares were listed on the New York Stock Exchange as evidence of Shi's contacts with the forum state—not as an exclusive predicate for general jurisdiction.

The exercise of personal jurisdiction over Shi also comports with the Constitution.  As set forth above, Shi, through LKM, conducted certain business in New York, initially agreed to a New York choice-of-law provision, and has voluntarily appeared and defended a related lawsuit in this Court.  Such activities indicate that he "purposefully availed [himself] of the privilege of doing business in New York, and that they could foresee being haled into court here." Doe v. McAdam Fin. Grp. LLC, 2022 U.S. Dist. LEXIS 150555, *at 19 (S.D.N.Y. Aug. 3, 2022) (internal citations omitted).  Further, it is clear that litigating yet another action in this District does not impose a significant burden on the defendant, particularly where he already has "skillful and trusted counsel" in place, and New York has the most significant nexus to the dispute, given

9

that, according to Mr. Shi, he owns no property nor does he visit anywhere else in the United States. Dkt. No. 27 at 12:17, Dkt. No. 30; see also Chloe, 616 F.3d at 164-165. Shi's attempts to minimize the import of the Baliga suit by claiming that the claims were "wholly unrelated to the subject of the Petition" should be summarily rejected. Dkt. No. 32 at 16. Finally, it is undisputed that the Convertible Note Purchase Agreement provided for a New York choice-of-law provisions as well as a submission to jurisdiction. Dkt. No. 5-3. While Shi himself is not a party to that agreement, he appears to have signed on behalf of NQ Mobile Inc., which reinforces the contention that he may have served as NQ Mobile Inc's agent in executing that contract and is consequently bound by it. See Thomson-CSF, S.A. v. American Arbitration Ass'n, 64 F.3d 773, 776-777 (2d Cir. 1995).

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that this Court deny Respondent's motion to dismiss and grant any such other and further relief as it may think proper.

Dated: November 28, 2022
New York, New York

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
James M. Catterson
Geoffrey Sant
Carol Lee
31 West 52nd Street
New York, New York 10019
Tel: (212) 858-1000
Fax: (212) 858-1500
james.catterson@pillsburylaw.com
geoffrey.sant@pillsburylaw.com
carol.lee@pillsburylaw.com
*Attorneys for Petitioner Zhongzhi Hi-Tech Overseas Investment Ltd.*